| | | |
|---|---|---|
| GERMAN DE PATRICIO, PhD<br>2803 Chesley Avenue<br>Baltimore, Maryland 21234 | *<br><br>* | IN THE<br><br>UNITED STATES DISTRICT |
| Plaintiff, | * | COURT FOR THE |
| v. | * | DISTRICT OF MARYLAND |
| TOWSON UNIVERSITY<br>8000 York Road<br>Towson, Maryland 21252 | *<br><br>* | |
| Serve on: | * | CASE NO. _____ |
| Brian E. Frosh, Esq., Attorney General<br>Office of the Attorney General<br>Civil Litigation Division<br>200 St. Paul Place<br>Baltimore, Maryland 21202 | *<br><br>*<br><br>* | |
| and | * | |
| Kim Schatzel, President<br>Towson University<br>8000 York Road<br>Towson, Maryland 21252 | *<br><br>*<br><br>* | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

**COMES NOW**, Plaintiff, German De Patricio, by and through his attorney, Paul V. Bennett, Esq., and Bennett Legal Services, Inc, and hereby sues Defendant Towson University (hereinafter "Defendant") and states as follows:

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("hereinafter "ADA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 (hereinafter "ADEA").

2. That all the actions complained of herein took place at Towson University, located at 8000 York Road, in Towson, Maryland (hereinafter referred to as "Towson University" or "campus").

3. That at all times relevant hereto, Defendant Towson University ("Defendant") is a public institution of higher learning affiliated with the University of Maryland, employing five-hundred (500) or more persons, and is an "employer" within the meaning of Title VII, ADA, and ADEA.

4. On August 4, 2021, Plaintiff timely contacted the Maryland Commission on Civil Rights ("MCCR") alleging discrimination that occurred from August 15, 2019 to August 4, 2021, and submitted his Formal Complaint of Discrimination on September 2, 2021 alleging harassment, denial of reasonable accommodations, adverse effects on terms and conditions of employment and discipline based on his national origin (Spain), disability / medical condition , denial of reasonable accommodations  and age (date of birth: September 6, 1968) as well as retaliation for engaging in prior EEO activity with the Defendant's Human Resources Department, Grievance Committee and Office of Inclusion. MCCR cross filed the

charge with the U.S. Equal Employment Opportunity Commission ("EEOC"). On March 29, 2022 the EEOC issued a Notice of Right to Sue.

5. In accordance with Title VII, ADA, and ADEA, Plaintiff properly exhausted his administrative remedies before timely filing suit.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff's date of birth is September 6, 1968 and disabilities are various medical conditions of which Defendant was notified. His approved reasonable accommodations included class scheduling no earlier than 12:00 pm. Defendant was aware at all times herein of Plaintiff's age, disabilities and requested accommodations.

7. From August 11, 2010 to 2016, Plaintiff has worked as an Assistant Professor of Spanish and from 2016 to present is an Associate Professor for the Defendant.

8. Plaintiff earns $70,000.00 in salary annually.

9. At all relevant times mentioned herein, Margherita Pampinella (hereinafter "Dr. Pampinella"), Department Chair, employed by Defendant served as Plaintiff's supervisor.

10. Before Dr. Pampinella became Chair in the summer of 2019, Plaintiff's former supervisor, Lea Ramsdell, warned Plaintiff that he needed to get an official health accommodation from Human Resources as she heard Dr. Pampinella state that she was not going to respect Plaintiff's health situation.

11. As a result, Plaintiff promptly followed this advice and obtained his medical accommodations before the fall of 2019, which was updated through May 17, 2021.

12. The Defendant was aware of Plaintiff's disabilities and need for medical accommodation since June 10, 2019. However, from August 15, 2019 to present, Dr. Pampinella has continually demonstrated hostility and opposition to Plaintiff's reasonable accommodations and sought out ways to set his schedule in direct violation of said accommodations by directing Plaintiff to set classes prior to 12:00 pm on his schedule.

13. Since June 10, 2019 Dr. Pampinella has also subjected Plaintiff to unwarranted discipline, undue criticism in public, and harassment with an eye to compel Plaintiff to resign his employment position.  In particular, Plaintiff was falsely accused of using unauthorized classroom material in June of 2021.

14. In the spring of 2020, Dr. Pampinella issued a meritless letter of warning and censure to thwart Plaintiff's promotional opportunities.

15. On March 22, 2021, Plaintiff had a meeting via Zoom with the Defendant's Office of Inclusion in which he complained about Dr. Pimpinella's discriminatory conduct and was informed there was nothing they could do.

16. In the spring of 2021, Plaintiff attempted to amend his reasonable medical accommodations for which Dr. Pimpinella adamantly and mirthlessly opposed.

17. In December 2021, in accordance with Defendant's policies and procedures, Plaintiff complained to the Grievance Committee about Dr. Pampinella's discriminatory and retaliatory efforts to bully Plaintiff during departmental meetings that occurred from September through December 2021.

18. On several occasions since taking over as department chair,  Dr. Pampinella has told Plaintiff that he should walk into Defendant's Human Resources Office and resign.

19. In February 2022, a frivolous investigation of Plaintiff conduct was undertaken at the behest of Dr. Pampinella.

20. In March of 2022, in an act of retaliation and to further her discrimination against Plaintiff, Dr. Pampinella issued a frivolous letter of censure dated March 18, 2022 designed in a fashion as to justify denial of future promotions and a denial of Plaintiff's ability to seek due process against such allegations.

21. In response to the February 2022 investigation, Plaintiff sought a formal grievance with Dr. Evangeline A. Wheeler, Chair, on behalf of the Committee Chair, Faculty Grievance and Mediation Committee, on April 16, 2022 which set forth his allegations concerning Dr. Pampinella's threats and actions taken with an eye to suspend and/or terminate Plaintiff's employment.  These actions set forth in the grievance included, but were not limited to, Dr. Pampinella's refusal to cooperate with the Defendant's Human Resource's department to honor Plaintiff's reasonable medical accommodations, her second letter of warning and censure to block Dr. De Patricio's promotion, and her hostile and berating treatment of Plaintiff.

22. To date, the Defendant has failed to act to address Plaintiff's concerns, and the hostility he has experienced continues unabated.

23. At all times relevant herein, Plaintiff met and/or exceeded Defendant's legitimate job expectations.

**COUNT I**
**RETALIATION**
**(Adverse Actions and Disparate Treatment)**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. § 2000e,** *et seq.*

24. Plaintiff hereby restates and incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. The subsequent adverse employment actions, as set forth in the above-referenced facts common to all counts, amounted to illegal retaliation based upon the frequency of retaliatory conduct, temporal proximity to continuous protected activities and retaliatory animus of Dr. Pampinella.

26. That the aforementioned acts of retaliation for complaining of discrimination constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

27. The aforementioned legally protected activities were known by upper management to have occurred.

28. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his legally protected activities.

29. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiffs rights.

30. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, incurred attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT II
## DISABILITY DISCRIMINATION
### (Disparate Treatment and Interference)
Americans with Disabilities Act of 1990, as amended
42 U.S.C. § 12101, *et seq.*

31. Plaintiff hereby restates and incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

32. The ADA prohibits discrimination against qualified individuals on the basis of disability with respect to the interference and adherence to approved reasonable medical accommodations.

33. Defendant is an "employer" within the meaning of the ADA.

34. At all times relevant herein, Plaintiff has suffered, and continues to suffer, from a physical disability which substantially limits his ability to function normally in the mornings as well has his special dietary requirements as relating to ongoing digestion issues during this period and thus affects a "major life activity" under the ADA.

35. On several occasions, set forth above, Dr. Pampinella manipulated Plaintiff's schedule so as to knowingly require Plaintiff to teach classes prior to 12:00 pm, and did so in direct violation of the above-referenced approved medical accommodations.

36. Since June 10, 2019 Dr. Pampinella also subjected Plaintiff to unwarranted discipline, undue criticism in public, and harassment with an eye to compel Plaintiff to resign his employment position. In particular, Plaintiff was falsely accused of using unauthorized classroom materials in June of 2021 by Dr. Paminella, on the heels of Plaintiff's updated medical accommodation of May 17, 2021.

37. Plaintiff received an email in April, 2021 from Defendant's Human Resources department representative Nate Barker, informing him that despite their diplomatic efforts to work with Dr. Pampinella about Plaintiff's medical accommodations, Human Resoures was forced to consult Defendant's counsel and advise Dr. Pampinella that legal action may be taken against her if she continued not to adhere to Plaintiff's ADA rights.

38. In the spring of 2021, Plaintiff attempted to amend his reasonable medical accommodations for which Dr. Pimpinella adamantly, continuously and mirthlessly opposed.

39. Similarly situated non-disabled Associate Professors, all Associate Professors in Plaintiff's Department, including but not limited to, Diego del Pozo, Paco Martinez, and Leticia Romo, were treated more favorably in regards to flexibility of their schedules, were not subjected to frivolous investigations resulting in meritless letters of warning designed to justify denials of future promotions and did not receive censorship of their classroom material as Plaintiff was subjected to by Dr. Pampinella.

40. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect and interfere with his status as an employee because of his disabilities.

41. That the unlawful employment practices complained of above were intentional.

42. That the discriminatory interference, as set forth above, has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish.

43. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
## RETALIATION
### (Disparate Treatment and Interference)
### Americans with Disabilities Act of 1990, as amended
### 42 U.S.C. § 12101, *et seq.*

44. Plaintiff hereby restates and incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

45. Since June 10, 2019, Dr. Pampinella subjected Plaintiff to unwarranted discipline, undue criticism in public, and harassment with an eye to compel Plaintiff to resign his employment position. In particular, Plaintiff was falsely accused of using unauthorized classroom materials in June of 2021 by Dr. Paminella,

46. From February 2021 to June 2021, Plaintiff was in communication every other week with Defendant's Human Resources Representative Nate Barker regarding his medical accommodation and Dr. Paminella's discriminatory and retaliatory conduct as discussed herein.

47. In particular, Plaintiff received an email in April, 2021 from Defendant's Human Resources department representative Nate Barker, informing him that despite their efforts to work with Dr. Pampinella about Plaintiff's medical accommodations, Human Resoures was forced to consult Defendant's counsel and advise Dr. Pampinella that legal action may be taken against her if she continued not to adhere to Plaintiff's ADA rights.

48. In the spring of 2021, Plaintiff attempted to amend his reasonable medical accommodations for which Dr. Pimpinella adamantly and meritlessly opposed.

49. As set forth in the facts common to all counts in the above-referenced Complaint, a pattern of retaliatory conduct was undertaken by Dr. Pampinella immediately following his participating in protected ADA accommodations requests and complaining to Defendant's Human Resources about Dr. Pampinella.

50. Similarly situated non-disabled Associate Professors were treated more favorably in regards to flexibility of their schedules, all Associate Professors in Plaintiff's Department, including but not limited to, Diego del Pozo, Paco Martinez, and Leticia Romo, did not have their promotional opportunities sabotaged with frivolous allegations and did not receive censorship of their classroom material as Plaintiff was subjected to by Dr. Pampinella.

51. The subsequent adverse employment actions, as set forth in the above-referenced facts common to all counts as well as Count III, amounted to illegal retaliation.

52. That the aforementioned acts of retaliation for engaging in protected ADA activities and for complaining of interference with approved medical disability accommodations constitute unlawful employment practices pursuant to ADA.

53. The aforementioned legally protected activities were known by upper management to have occurred.

54. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his legally protected activities.

55. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiffs rights.

56. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT IV
## AGE DISCRIMINATION
### (Disparate Treatment)
**Age Discrimination in Employment Act of 1967, as amended,
29 U.S.C. § 621, *et seq.***

57. Plaintiff hereby restates and incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

58. Plaintiff was highly qualified for the position of Associate Professor of Spanish for which he served under the employ by the Defendant.

59. Plaintiff was subjected to adverse treatment, including without limitation, the above-referenced disparate treatment, adverse job actions, and interference with medical accommodations as set forth in the Facts Common to all Facts and Counts I through IV of this Complaint.

60. Plaintiff's age was the "but-for factor" behind the described adverse treatment.

61. Similarly situated Associate Professors under the age of 40 or substantially younger than the Plaintiff, including but not limited to, Diego del Pozo and Paco Martinez, were treated more favorably than him as they were not subjected to the above-referenced adverse job actions and disparate treatment.

11

62. That the intentional discriminatory action complained of above was done with malice and/or with reckless indifference to Plaintiff's rights.

63. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and emotional distress, and incurred attorneys' fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT V
## RETALIATION
## (Disparate Treatment)
## Age Discrimination in Employment Act of 1967, as amended,
## 29 U.S.C. § 621, *et seq.*

64. Plaintiff hereby restates and incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

65. Plaintiff expressly incorporates herein the adverse actions and disparate treatment that occurred after August 15, 2019 to present as set forth in the facts common to all counts.

66. Similarly situated Associate Professors who did NOT engage in protected Age Discrimination protected activities, encompassing all Associate Professors in Plaintiff's Department, including but not limited to, Diego del Pozo, Paco Martinez, and Leticia Romo, were treated more favorably in regards to flexibility of their schedules, were not subjected to frivolous investigations resulting in meritless letters of warning designed to justify denials of future promotions, did not receive censorship of their classroom material, nor had other protected equal employment opportunities denied as Plaintiff was subjected to by Dr. Pampinella.

67. The subsequent adverse employment actions, as set forth in the above-referenced facts common to all counts, amounted to illegal retaliation insofar as the frequency of retaliatory conduct, temporal proximity to continuous protected activities and retaliatory animus that is clear to Plaintiff, Defendant's Human Resources, and set forth in written communications by the Defendant to the Plaintiff.

68. That the aforementioned acts of retaliation for complaining of age discrimination constitute unlawful employment practices pursuant to AEDA.

69. The aforementioned legally protected activities were known by upper management to have occurred.

70. That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his legally protected activities.

71. That the intentional retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiffs rights.

72. As a direct and proximate result of the Defendant's retaliatory actions, Plaintiff has suffered lost wages and benefits, emotional distress, attorney's fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VI
## TITLE 20 OF THE STATE GOVERNMENT ARTICLE
### (Discrimination based on Age, Disability& Interference with Medical Accommodation)
### Md. Ann. Code., State Gov't, §20-601, *et. Seq.*

73. Plaintiff hereby restates and incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

74. Defendant has discriminated against Plaintiff in the terms and conditions of his employment on the basis of age, and disability as well as interfered with Plaintiff's medical accommodations in violation of Title 20, §20-606 of the Maryland State Government Article (hereinafter "Title 20").

75. The above acts and practices of the Defendant constitute unlawful discriminatory employment practices within the meaning of Title 20.

76. The Defendant's acts were carried out with malice and reckless disregard for Plaintiff's protected civil rights.

77. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and emotional distress, and incurred attorneys' fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VII
## TITLE 20 OF THE STATE GOVERNMENT ARTICLE
### (Retaliation based on Age, Disability and Interference with Medical Accommodation)
### Md. Ann. Code., State Gov't, §20-601, *et. Seq.*

78. Plaintiff hereby restates and incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

79. Plaintiff engaged in protected activity when he complained about discrimination and harassment based on age, disability and Defendant's interference with medical accommodations.

80. In retaliation for Plaintiff's complaints, Defendant failed to address Plaintiff's continued requests that Defendant cease, address and correct these discriminatory acts and practices and Defendant has continued to continue to engage with such acts

and practices.

81. There is a causal connection between Plaintiff's complaints and the materially adverse actions and disparate treatment taken against Plaintiff by Defendant.

82. The retaliation endured by the Plaintiff would dissuade a reasonable employee from making complaints of discrimination, harassment and interreference with medical accommodations.

83. Defendant retaliated against the Plaintiff for engaging in protected activity in violation of Md. Ann. Code., State Gov't, §20-601, et. Seq.

84. As a direct and proximate result of the Defendant's discriminatory actions, Plaintiff has suffered lost wages and emotional distress, and incurred attorneys' fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, German De Patricio, Plaintiff, demands judgment against Towson University, Defendant, as follows:

a. Defendant's adherence to the aforementioned reasonable accommodations;
b. Clean Personnel file of Plaintiff;
c. Lost promotional opportunities be instituted with associated back pay;
d. $300,000.00 as compensatory damages;
e. Front pay and back pay;
f. Non-compensatory damages as deemed as appropriate by this honorable Court;
g. Reimbursement of travel expenses;
h. Prejudgment and post judgment interest;

i. Award attorney's fees and costs, including expert witness fees, as allowed by law;

j. And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted,

_____/s/_____
Paul V. Bennett, Esq. (Bar No. 10324)
Bennett Legal Services, Inc.
5457 Twin Knolls Road, Suite 300
Columbia, Maryland 21045
(410) 353-4994
pbennett@bennettlaw.net

*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

German De Patricio, Plaintiff, hereby demands that this matter be tried by jury.

_____/s/_____
Paul V. Bennett, Esq. (Bar No. 10324)